## Spencer *v.* Spencer's Executor.

*Final Settlement of Guardian's Accounts.*

*Settlement of guardian's accounts before ward's majority.* — A final settlement of a guardian's accounts, made by him voluntarily before his ward has attained majority, is not void on that account.

APPEAL from the Probate Court of Pike.

J. D. GARDNER, for appellant,

NEWMAN & WILSON, *contra.*

B. F. SAFFOLD, .J — The appellant applied to the probate court to have the appellee, as executor of Peter Spencer, who was his guardian, settle the guardianship account. On the hearing of the application, the petitioner presented in evidence the inventory filed by his guardian. To this and the petition, the executor introduced the record of a final settlement made by the guardian, in which a decree was rendered finding a balance in favor of the guardian, and discharging him from further accountability. The application was dismissed, and the decree of dismissal is now assigned as error.

The petitioner insists, that the final settlement is void, because it was made before he came of age. Whether or not a guardian was at liberty to resign his trust before his ward came of age or married, prior to the act of December 16, 1871 (Acts 1871–2, p. 84), which authorized his resignation at any time, so many occasions for the termination of the guardianship, independent of that ground, exist, that we cannot hold his final settlement void on such account. It does not appear in this case why the settlement was made. Perhaps it was because the estate had been consumed for the use of the ward, as it seems to have been no more than about seventy dollars. When this is the case, there can be no reason for delay in the settlement. Infants are allowed two years after the termination of their disability, to correct any error of law or fact in the settlement, in the chancery court. Rev. Code, §§ 2274, 2275.

The judgment is affirmed.